IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL L. OVERTON,

    Plaintiff,

  v.

WELLS FARGO CEO; BANK OF AMERICA CEO; GLENDALE FEDERAL SAVINGS AND LOAN; SAM LATHAM; BOBBIE DAVIS; ETTA PHARR,

    Defendants.

No. C 15-2267 WHA (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a pro se civil rights complaint filed by a California prisoner proceeding pro se under 42 U.S.C. 1983. He claims that defendants owe him money pursuant to the settlement of a lawsuit over medicine he had taken. For the reasons discussed below, the complaint is **DISMISSED**.

## DISCUSSION

**A.　STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**B.   LEGAL CLAIMS**

Plaintiff alleges that he contracted diabetes from taking a medication for his schizophrenia. He claims that defendants, who are employees of three different banks, owe him money gained from a settlement in a lawsuit over the medication. To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff satisfies neither element of a Section 1983 claim. Defendants are not state actors insofar as they are employees of private companies. In addition, there is no alleged or apparent violation of any federal or constitutional law. Accordingly, plaintiff's claims are not cognizable under Section 1983. If plaintiff wishes to sue defendants for breach of contract or other violations of state law, he may do so in state court.

**CONCLUSION**

For the reasons set out above, this action is **DISMISSED** without prejudice.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June __1__, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2